FILED
United States Court of Appeals
Tenth Circuit

June 16, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERIC SHAWN RAY,

    Petitioner - Appellant,

v.

SCOTT CROW, DOC Director,

    Respondent - Appellee.

No. 20-7010
(D.C. No. 6:19-CV-00159-JHP-KEW)
(E. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **PHILLIPS**, **MURPHY,** and **McHUGH**, Circuit Judges.

Eric Shawn Ray, a state inmate appearing pro se, seeks a certificate of appealability (COA) so he can appeal the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. Because the district court's determination that Ray failed to exhaust his available state remedies is not reasonably debatable, we **deny** Ray's request for a COA and **dismiss** this appeal.[1]

Ray is currently in the custody of the Oklahoma Department of Corrections, having been convicted of domestic assault and battery resulting in great bodily

---

[1]Ray's motion for leave to amend and supplement his combined opening brief and application for a certificate of appealability is **granted**.

harm. He filed the instant § 2241 petition on May 20, 2019, alleging he was unlawfully seized in Texas and removed to Oklahoma. The petition also raised claims of ineffective assistance of counsel. Respondent filed a motion to dismiss Ray's § 2241 petition, arguing he failed to exhaust his state remedies. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring state prisoners to exhaust "the remedies available in the courts of the State" before filing an application for a writ of habeas corpus). The district court dismissed Ray's habeas petition without prejudice based on its conclusion that Ray's direct appeal from his Oklahoma conviction was still pending before the Oklahoma Court of Criminal Appeals. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding a state prisoner's federal habeas petition must be dismissed if he has not exhausted his available state court remedies); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

A state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2241 only if the district court or this court first issues a COA. *Montez*, 208 F.3d at 867 (holding a state prisoner must obtain a COA to appeal the denial of a 28 U.S.C. § 2241 petition). This court cannot grant Ray a COA unless we conclude he "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To meet that burden, Ray must demonstrate

"that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). Furthermore, where, as here, the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must also demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Ray has failed to meet his burden. Having reviewed the record, Ray's appellate filings, and the district court's order, we conclude reasonable jurists would not debate the correctness of the district court's determination that Ray failed to exhaust his available state remedies. Despite Ray's assertions to the contrary, he must exhaust his state remedies and he must obtain a COA. *See Montez*, 208 F.3d at 866-67. Ray does not challenge the district court's conclusion that he did not seek state habeas corpus relief or show that any avenue

of state relief is unavailable to him.[2]  Accordingly, we **deny** Ray's request for a

COA and **dismiss** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[2]We take judicial notice of the public records in Ray's Oklahoma criminal case and note that he has raised issues related to his extradition from Texas to Oklahoma in the criminal appeal (No. F-2019-437) currently pending before the Oklahoma Court of Criminal Appeals.